[S. F. No. 4123.  In Bank.—November 11, 1904.]

MORRIS LUBLINER, Petitioner, v. GEORGE ALPERS
et al., comprising the Board of Supervisors of the City
and County of San Francisco, Respondents.

AMENDMENT OF CITY CHARTER—CONSTITUTION—TIME FOR ELECTION—
DISCRETION OF MUNICIPAL LEGISLATURE—MANDAMUS.—Under sec-
tion 8 of article XI of the constitution, where amendments to a
municipal charter are petitioned for by fifteen per cent of the
qualified voters of the city, the legislative authority of the city,
though required to submit the same to the voters thereof, has discre-
tion either to call a special election or to wait until the next
general election to submit the proposed amendments to a vote
of the people; and *mandamus* will not lie to control that discretion
by compelling the ordering of a special election.

PETITION for Writ of Mandate to the Board of Super-
visors of the City and County of San Francisco.

Henley & Costello, for Petitioner.

No appearance for Respondents.

THE COURT.—The petitioner, a taxpayer of San Fran-
cisco, prays for a writ of mandate to compel the defendants
to order a special election for the ratification of certain
amendments to the city charter, proposed by petition of more
than fifteen per cent of the qualified voters of the city.

Whether or not it is the duty of the defendants to call a
special election at this time depends upon the proper con-
struction of the following clause of section 8 of article XI
of the constitution:—

"The charter, so ratified, may be amended at intervals of
not less than two years by proposals therefor, submitted by
the legislative authority of the city to the qualified electors
thereof at a general or special election, held at least forty
days after the publication of such proposals for twenty days
in a daily newspaper of general circulation in such city, and
ratified by a majority of the electors voting thereon, and
approved by the legislature as herein provided for the ap-
proval of the charter.  Whenever fifteen per cent of the
qualified voters of the city shall petition the legislative au-

thority ⁻thereof to submit any proposed amendment or amendments to said charter to the qualified voters thereof for approval, the legislative authority thereof must submit the same.''

We are of the opinion that under this provision of the constitution the defendants are invested with full discretion to order a special election, or, if they deem that course unadvisable, to wait until the next general election to submit the proposed amendments to a vote of the people.

Writ denied.